# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 4, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| LUCINDA LAIRD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-682V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | | |

Wendy Cox, Siri & Glimstad LLP, Austin, TX, for Petitioner.
Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On May 8, 2019, Lucinda Laird ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program,"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she sustained a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination on October 16, 2017. Petition at Preamble (ECF No. 1); Amended Petition at Preamble (ECF No. 46).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On December 23, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on his case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), dated Dec. 23, 2024 (ECF No. 67). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $39,774.50
**Attorneys' Costs** – $13,224.63

Petitioner thus requests a total of $52,999.13.[3] Respondent filed his response on January 6, 2025, stating that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), dated Jan. 6, 2025, at 2 (ECF No. 69).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$44,313.01** in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid and where counsel is no longer the counsel of record.

A.   Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are

---

[3] Petitioner's interim motion incorrectly noted the total fees and costs as $52,991.13.

2

"excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by the Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Andrew D. Downing – Attorney**
 2018-2021: $385.00
 2022-2023: $445.00
 2024: $485.00

**Courtney Jorgenson (formerly Van Cott) – Attorney**
 2019: $205.00
 2020-2021: $275.00
 2022-2023: $345.00
 2024: $375.00

**Ann Allison – Attorney**
 2022: $415.00

**Paralegals**
 2018-2021: $135.00
 2022: $135.00 and $155.00
 2023: $155.00
 2024: $175.00

The undersigned finds the rates from 2019 to 2021, Ms. Allison's rates for 2022, and the rates for 2023 to 2024 reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Franceschi v. Sec'y of

3

Health & Hum. Servs., No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); Cowles v. Sec'y of Health & Hum. Servs., No. 16-1164V, 2023 WL 5786448, at *2 (Fed. Cl. Spec. Mstr. July 28, 2023); Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022); Hoover ex rel. L.H. v. Sec'y of Health & Hum. Servs., No. 20-1394V, 2021 WL 5575768, at *8-9 (Fed. Cl. Spec. Mstr. Nov. 1, 2021); Tucker v. Sec'y of Health & Hum. Servs., No. 19-13V, 2020 WL 6777559, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2020); Martin v. Sec'y of Health and Hum. Servs., No. 22-384V, 2025 WL 996725, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2025). The undersigned will therefore award the above rates in full.

However, the 2022 rates require adjustment. Mr. Downing, Ms. Jorgenson, and the paralegals' rates for work performed in 2022 are inconsistent with previously awarded rates. Upon changing law firms in July 2022, Mr. Downing, Ms. Jorgenson, and the paralegals increased their rates from July 2022 through the remainder of 2022, reflecting an hourly increase of $30.00 for Mr. Downing, $20.00 for Ms. Jorgenson, and $20.00 for the paralegals. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9928198, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

It is the undersigned's practice, and that of other Special Masters, to award one rate for a calendar year, with adjustments to the hourly rate made only in a succeeding year. See, e.g., Franceschi, 2023 WL 4270835, at *2 (explaining "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances"); Pryor v. Sec'y of Health & Hum. Servs., No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022). This rate increase from these attorneys and paralegals has consistently been rejected by this Court. See, e.g., Wakileh, 2023 WL 9928198, at *2; Franceschi, 2023 WL 4270835, at *2; Cowles, 2023 WL 5786448, at *2; Rossiter v. Sec'y of Health & Hum. Servs., No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); Switzer v. Sec'y of Health & Hum. Servs., No. 18-1418V, 2023 WL 3580593, at *2 (Fed. Cl. Spec. Mstr. May 22, 2023).

Thus, the undersigned adjusts the rates as follows: Mr. Downing will be awarded $415.00 per hour for all work performed in 2022, Ms. Jorgenson will be awarded $325.00 per hour for all work performed in 2022, and the paralegals will be awarded $135.00 per hour for all work performed in 2022. These rates are consistent with what the undersigned has previously awarded and found reasonable for these attorneys and paralegals, and these rates are consistent with decisions from other special masters. See, e.g., Coons, 2022 WL 2294213, at *6-7 (awarding these rates for Mr. Downing, Ms. Jorgenson, and the paralegals); Wakileh, 2023 WL 9928198, at *2 (reducing rates for Mr. Downing, Ms. Jorgenson, and paralegals in 2022); Franceschi, 2023 WL 4270835, at *2 (same); Pryor, 2022 WL 17973236, at *4 (same); Vizcarra v. Sec'y of Health & Hum. Servs., No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023) (same). This results in a reduction of $52.00.[4]

---

[4] (($445.00 - $415.00) x 0.8 hours = $24.00) + (($345.00 - $325.00) x 0.5 hours = $10.00) + (($155.00 - $135.00) x 0.9 hours = $18.00) = $52.00.

4

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. A reduction, however, is necessary due to paralegal time billed for non-compensable administrative tasks (e.g., filing documents)[5] and excessive paralegal time billed for review of filings.[6] These issues have previously been raised with these attorneys and paralegals. See, e.g., Wakileh, 2023 WL 9228198, at *3; Coons, 2022 WL 2294213, at *7; Hoover, 2021 WL 5575768, at *9; Sheridan v. Sec'y of Health & Hum. Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Hum. Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019).

Further, some of the entries have multiple tasks and constitute block billing. Some entries that constitute block billing contain noncompensable administrative tasks. For example, on December 18, 2024, Ms. Perez billed 1.4 hours for "Initial drafting work re Motion for Interim Fees and Expenses; to ADD for final drafting; compile interim invoice with expenses and exhibits and ensue no duplicative entries; finalize and file Motion; receive and review Court's ECF Notification; memo to file re completeness." Pet. Mot. at 48. While this entry has elements that are compensable, it is impossible to determine how much time was expended to each individual task in this entry. Thus, the undersigned is unable to discern the time spent on compensable versus noncompensable tasks.

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)); see also Broekelschen, 102 Fed. Cl. at 729.

---

[5] See Pet. Mot. at 27-28, 30-31, 41-46 (billing entries for "file Notice of Filing Exhibits," "file Statement of Completion," "file Supplemental Statement of Completion," "file Motion for Extension of Time," "file Status Report," "file Notice," "file Motion for a Decision on the Record," "Gather and organize relevant documents need by Expert for review," "Compile materials for our expert," and "file Amended Petition").

[6] See Pet. Mot. at 21-35, 41-48 (billing for "Receive and Review" a total of seventy-seven times, totaling 14.8 hours).

The issue of block billing is not a new issue to Mr. Downing.  See, e.g., Goff v. Sec'y of Health & Hum. Servs., No. 17-0259V, 2019 WL 3409976, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2019); Fiske v. Sec'y of Health & Hum. Servs., No. 17-1378V, 2022 WL 2303800, at *7 (Fed. Cl. Spec. Mstr. Apr. 20, 2022).

The undersigned also finds the paralegals engages in excessive billing for review of filings.  Counsel's paralegals billed approximately 15 hours for entries including the receipt and review of ECF Notifications and various documents submitted to the Court.  See Pet. Mot. at 21-35, 41-48.  This consists of almost 20% of the total paralegals' billing entries.  The undersigned finds this to be excessive.  Based on the undersigned's careful review and calculations, Ms. Avery's billing entries containing the receipt and review of documents amounted to 11.5 hours, or approximately 50% of her total billed time.[7]  This issue has previously been raised with counsel's firm and paralegals.  See, e.g., Wakileh, 2023 WL 9228198, at *3 (reducing paralegal fees by $500.00 for excessive billing of "receipt and review"); Coons, 2025 WL 1011347, at *3; Hoover, 2021 WL 5575768, at *9; Sheridan, 2019 WL 948371, at *2-3 (finding billing in 0.2 hour minimums for review of ECF notifications excessive); Moran, 2019 WL 1556701, at *4 (finding Ms. Avery's time spent reviewing documents inflated).

Lastly, Mr. Downing engaged in duplicative billing practices.  On January 23, 2023, Mr. Downing and Ms. Jorgenson both billed 0.1 hours to review the same Motion for Extension of Time.  See ECF No. 36.  The undersigned has previously found that reviewing of documents by multiple attorneys leads to excessive billing.  See Lord v. Sec'y of Health & Hum. Servs., No. 12-255V, 2016 WL 3960445, at *7 (Fed. Cl. Spec. Mstr. June 30, 2016); Cozart v. Sec'y of Health & Hum. Servs., No. 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016).  Like the law firms' practices in Lord and Cozart, the undersigned sees no reason for two attorneys to bill for reviewing a standard document.

Given the above-mentioned issues, the undersigned finds a reduction of 5% from the total fees request reasonable and appropriate.  This results in a reduction of $1,986.12.[8]

---

[7] For example, Danielle Avery billed 11.5 hours related to the receipt and review of documents (e.g., "Receipt and review of Respondent's Notice of Appearance;" "Receive and review Court's Status Conference Order;" "Receive and review Court's Scheduling Order;" "Receive and review of Respondent's Status Report."), Samantha Perez billed 3.2 hours (e.g., "Received and Reviewed Respondent's Unopposed Motion for Extension of Time to File Responsive Expert Report;" "Receive and Review ECF Notification; Scheduling Order – Expert Report and Joint Status Report;" "Receive and review ECF Notification; Respondent's Expert Report."), and Alex Malvick billed 0.1 hours (e.g., "Receive and Review Court's ECF notification for Respondent's Motion for Extension for Time to File Expert Report").

[8] ($39,774.50 - $52.00) x 0.05 = $1,986.125.  The undersigned rounded down.

6

    **B.**    **Attorneys' Costs**

        **1.**    **Expert Fees**

Petitioner requests $12,700.00 in expert fees for work performed by Dr. Jerome Piontek. Pet. Mot. at 48-49, 53-55. A reduction must be made for "Dr. Piontek Rebuttal Report Paid" charges of $6,700.00 as counsel did not provide documentation to support these costs in their Motion. See Pet. Mot. at 49. Counsel may request reimbursement of such fees in their final Motion for Attorneys' Fees and Costs.

Petitioner submitted adequate documentation for the remainder $6,000.00 to be considered. Dr. Piontek billed 20 hours at a rate of $400.00 per hour, less a $2,000.00 or 25% discount. Pet. Mot. at 55. The undersigned finds these rates reasonable and in accordance with what Dr. Piontek and other similarly qualified experts have previously been awarded. See Lucas v. Sec'y of Health & Hum. Servs., No. 19-1525V, 2025 WL 1158901, at *6 (Fed. Cl. Spec. Mstr. Mar. 25, 2025); Crawford v. Sec'y of Health & Hum. Servs., No. 19-0544V, 2024 WL 5321766, at *3 (Fed. Cl. Spec. Mstr. Dec. 9, 2024); Durham v. Sec'y of Health and Hum. Servs., No. 17-1889V, 2024 WL 4369198, at *3 (Fed. Cl. Spec. Mstr. Sept. 6, 2024). Therefore, this bill will be awarded in full.

        **2.**    **Miscellaneous Costs**

Petitioner also requests $524.63 for miscellaneous costs, including the filing fee, medical records, postage, and legal research charges. Pet. Mot. at 36, 48-49, 51-52. Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

**II.**    **CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $39,774.50 |
| Reduction of Attorneys' Fees: | - ($1,986.12) |
| Awarded Attorneys' Fees: | $37,788.38 |
| | |
| Requested Attorneys' Costs: | $13,224.63 |
| Reduction of Attorneys' Costs: | - ($6,700.00) |
| Awarded Attorneys' Costs: | $6,524.63 |
| | |
| **Total Attorneys' Fees and Costs:** | **$44,313.01** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $44,313.01, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<u>**s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.